UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| RONALD GLOVER, | ) | |
| --- | --- | --- |
| | ) | |
| Movant, | ) | Cause No. 2:16CV221-PPS |
| v. | ) | |
| | ) | Arising from 2:05CR31-PPS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

In March of 2005, Ronald Glover was charged with being a felon unlawfully in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) and §924(a)(2). [DE 3.][1] On November 9, 2005, Glover entered a plea of guilty to the charge. [DE 26.] In the plea agreement, Glover acknowledged that he had "three previous convictions for violent felonies" within the meaning of §924(e), the Armed Career Criminal Act, which subjected him to a statutory mandatory minimum sentence of not less than 15 years. [DE 25 at ¶7(b), ¶8.] Glover entered into a binding agreement to be sentenced to a 15-year prison term. [*Id*. at ¶7(e)(1).] At sentencing on March 9, 2006, I sentenced Glover as the parties had agreed, to a term of 180 months. [DE 31; DE 32 at 2.] Glover did not take a direct appeal.

---

[1] Unless otherwise indicated, docket citations refer to the criminal case, No. 2:05CR31.

The issue presently before the court is whether *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015) requires a reexamination of Glover's status as an armed career criminal. "Violent felony" is defined in §924(e)(2)(B) as a felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In *Johnson* the Supreme Court held that the "otherwise involves conduct" clause within subsection (ii) of this definition — commonly referred to as the ACCA's "residual clause" — is unconstitutionally vague and therefore void. Last year, in *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016), the Supreme Court held that the *Johnson* decision announced a new substantive rule that has retroactive effect in cases on collateral review. *Johnson* therefore triggered a new one-year statute of limitations to bring *Johnson*-based claims under §2255(f)(3).

Glover, acting *pro se*, has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255. [DE 40.] Glover challenges the application of the ACCA to his two prior state convictions for Aggravated Battery and one for Aggravated Vehicular Hijacking. The government has responded to Glover's motion by arguing that all three of Glover's prior convictions are violent felonies within the meaning of §924(e)(2)(B)(i), and are therefore unaffected by *Johnson*'s voiding of the residual clause. Glover has not filed any reply to the government's opposition.

2

The first of Glover's three qualifying convictions is on a 1998 charge of Aggravated Battery in a Public Place, in violation of 720 ILCS 5/12-4(b)(8). [DE 52-1 at 4.] The underlying definition of battery under Illinois law is found at 720 ILCS 5/12-3 (1998), which provided that a "person commits battery if he intentionally or knowingly without legal justification and by any means, (1) caused bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." The Seventh Circuit has recently analyzed this language to determine if Illinois Aggravated Battery is a violent felony. In *United States v. Lynn*, 851 F.3d 786 (7th Cir. 2017), the court held that the alternative elements of the Illinois crime of battery require the "modified categorical approach," looking "to the underlying documentation to determine if [the defendant] was charged with aggravated battery because he 'caused bodily harm,' in which case the crime qualifies as a crime of violence, or because he 'made physical contact of an insulting or provoking nature,' in which case the crime would fall outside [the] definition of a crime of violence." *Id.* at 797.

In this instance, the charging information alleges that Glover caused bodily harm to Freddie Salazar by shooting him in the knee with a handgun. [DE 52-1 at 4.] This aggravated battery conviction clearly qualifies as a violent felony under §924(e)(2)(B)(i).

The second Aggravated Battery conviction that was applied to trigger the ACCA was on a 1999 charge alleging that Glover and another defendant "caused great bodily harm to Charles Holmes, to wit....struck Charles Holmes with a shank." [DE 52-3 at 5.]

3

This conviction also clearly constitutes a violent felony applying the modified categorical approach under *Lynn*.

The third conviction relied on to apply the ACCA in Glover's sentencing was for Aggravated Vehicular Hijacking under Illinois law. The statutory definition of vehicular hijacking required taking a motor vehicle "from the person or the immediate presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-3 (1999). This statutory language clearly supports the conclusion that the conviction was a violent felony under §924(e)(2)(B)(i).

Because all three prior convictions relied upon to apply the ACCA to Ronald Glover clearly qualify under the definition in ¶924(e)(2)(B)(i), the *Johnson* decision vacating the residual clause has no bearing on this case. Glover's motion to vacate his conviction and sentence will be denied. I must also consider whether to grant Glover a certificate of appealability. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULES GOVERNING SECTION 2255 PROCEEDINGS 11(a). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To obtain a certificate of appealability, Glover must show that reasonable jurists could debate whether his petition should have been resolved differently. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Glover has attempted no such showing, and could not have succeeded if he'd tried.

**ACCORDINGLY:**

Ronald Glover's motion to vacate, set aside or correct his sentence under §2255 [DE 40] is DENIED.

A certificate of appealability is DENIED.

**SO ORDERED** this 30th day of May, 2017.

                                                      /s/ Philip P. Simon  
                                                      **Judge, U.S. District Court**